UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| MISAEL MARTINEZ-SEQUEIRA,<br><br>Petitioner,<br><br>v.<br><br>WARDEN FCI FORT DIX,<br><br>Respondent. | Case No. 25–cv–17631–ESK<br><br><br>OPINION |

**KIEL, U.S.D.J.**

THIS MATTER comes before the Court on petitioner Misael Martinez-Sequeira's amended petition for writ of habeas corpus under 28 U.S.C. § 2241 (Amended Petition) arguing that the Bureau of Prisons (Bureau) did not apply good conduct credits to his sentence as required by the First Step Act (Act). (ECF No. 8.) Respondent Warden Fort Dix opposes the Amended Petition. (ECF No. 13.) For the following reasons, I will deny the Amended Petition.

## I.    FACTS AND PROCEDURAL HISTORY

Petitioner is a citizen of Colombia. (ECF No. 13–3 p. 1.) On November 16, 2023, petitioner pleaded guilty to possession of cocaine with intent to distribute aboard a vessel subject to United State jurisdiction, 46 U.S.C. §§ 70503(a)(1), 706506(b), 21 U.S.C. §960(b)(1)(B). *United States v. Martinez-Sequeira*, No. 3:21–cr–00166 (D.P.R.) (ECF No. 84.)[1] Petitioner received a 70-month sentence on February 14, 2024. *Martinez-Sequeira*, No. 3:21–cr–00166 (ECF No. 100.)

---

[1] I take judicial notice of the public filings in petitioner's criminal case.

On December 28, 2025, the Department of Homeland Security (Department) issued a Notice and Order of Expedited Removal (Removal Order) to petitioner pursuant to the Immigration and Nationality Act "as an immigrant who, at the time of application for admission, is not in possession of a valid unexpired immigrant visa … or other valid entry document … ."   (ECF No. 13–3 pp. 1, 2); 8 U.S.C. § 1182(a)(7)(A)(i)(I).

Petitioner argues in the Amended Petition that the Bureau failed to credit his sentence with good conduct credits because of an immigration detainer. (ECF No. 8 p. 2.)   Respondent opposes the Amended Petition, arguing that it should be dismissed because petitioner failed to exhaust his administrative remedies.   (ECF No. 13 pp. 10, 11.)   Alternatively, respondent argues that the Amended Petition is meritless because the Act prohibits the application of good conduct credits to the sentences of prisoners with final removal orders.   (*Id.* pp. 13, 14, 15.)

## II.   LEGAL STANDARD

Title 28, Section 2243 of the United States Code provides in relevant part:

> A court, justice or judge entertaining an application for a writ of habeas corpus shall forthwith award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto.

A habeas corpus petition is the proper mechanism for a federal prisoner to challenge the "fact or duration" of his confinement.   *Preiser v. Rodriguez*, 411 U.S. 475, 498–99 (1973); *see also Muhammad v. Close*, 540 U.S. 749 (2004).

A *pro se* pleading is held to less stringent standards than more formal pleadings drafted by lawyers.   *Estelle v. Gamble*, 429 U.S. 97, 106 (1976); *Haines v. Kerner*, 404 U.S. 519, 520 (1972).   A *pro se* habeas petition must be

construed liberally. *See Hunterson v. DiSabato*, 308 F.3d 236, 243 (3d Cir. 2002).

### III. DISCUSSION

"Although there is no statutory exhaustion requirement attached to § 2241," the Third Circuit has "consistently applied an exhaustion requirement to claims brought under § 2241." *Callwood v. Enos*, 230 F.3d 627, 634 (3d Cir. 2000). "Exhaustion is the rule in most cases, and failure to exhaust will generally preclude federal habeas review." *Rodriguez v. Sage*, No. 1:22–cv–2053, 2023 WL 2309781, at *2 (M.D. Pa. Mar. 1, 2023) (citing *Moscato v. Fed. Bureau of Prisons*, 98 F.3d 757, 761 (3d Cir. 1996)). Exhaustion is required because: "(1) allowing the appropriate agency to develop a factual record and apply its expertise facilitates judicial review; (2) permitting agencies to grant the relief requested conserves judicial resources; and (3) providing agencies the opportunity to correct their own errors fosters administrative autonomy." *Moscato*, 98 F.3d at 761–62. However, "a prisoner need not exhaust administrative remedies where the issue presented involves only statutory construction … ." *Vasquez v. Strada*, 684 F.3d 431, 433–34 (3d Cir. 2012). I need not decide whether petitioner was required to exhaust his claims because they are subject to dismissal on the merits.

Under the Act, federal prisoners who complete "evidence-based recidivism reduction programming or productive activities" are entitled to earn good conduct credits to be applied towards early supervised release. 18 U.S.C. § 3632(d)(4)(A). However, the statute explicitly states that a prisoner "is ineligible to apply time credits [to reduce his sentence] if the prisoner is the subject of a final order of removal under any provision of the immigration laws." 18 U.S.C. § 3632(d)(4)(E)(i). "The statute thus bars any inmate who is subject to a final order of removal from receiving [good conduct] credits or applying any previously earned credits towards early supervised release." *Sanchez-Leyva v.*

3

*Warden, FCI Ft. Dix*, No. 24–cv–06118, 2024 WL 4249544, at \*2 (D.N.J. Sept. 20, 2024) (citing *Gonzalez-Garcia v. FCI Berlin, Warden*, No. 23–cv–00091, 2023 WL 3020872, at \*2 (D.N.H. Apr. 20, 2023)).

The Amended Petition's arguments are based on the premise that there was no final order of removal against petitioner, only a detainer. (*See, e.g.,* ECF No. 8 pp. 13, 16.) However, petitioner now has a Removal Order,[2] and the Act's language is unambiguous in prohibiting the Bureau from applying any good conduct credits to the sentences of federal prisoners with final removal orders. Therefore, petitioner is not entitled to have good conduct credits applied to his sentence. Therefore, I will deny the Amended Petition.

## IV.    CONCLUSION

For the reasons stated above, I will deny the Amended Petition. An appropriate Order accompanies this Opinion.

_/s/ Edward S. Kiel_
**EDWARD S. KIEL**
UNITED STATES DISTRICT JUDGE

Dated: May 20, 2026

---

[2] I do not have jurisdiction pursuant to §2241 to consider the validity of the Removal Order.   8 U.S.C. §1252(e)(2).